LICHTENSTEIN v. PHIPPS.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 184.

PATENTS (§ 222*)—MARKING PATENTED ARTICLES.

Notice of a design patent for a hatband on women's sailor hats is not sufficiently given under Rev. St. § 4900 (U. S. Comp. St. 1901, p. 3388), by printing the words "Lichtenstein Pennant Sailor, Pat. Jan. 15th, 1907," upon the lining in the inside of the hats, there being nothing to indicate that such notice refers to the band.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 352; Dec. Dig. § 222.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 161 Fed. 578.

This cause comes here upon appeal from a decree of a perpetual injunction against infringement of complainant's design patent (No. 38,-412, Jan. 15, 1907), and adjudging recovery against the defendant of $250, the statutory liability.

John C. Pennie, for appellant.

Joseph L. Levy, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. As presented here, the case involves a single point. Defendant concedes the validity of the patent, and does not question the propriety of the injunction. The complainant concedes that defendant, when he committed the infringement complained of, had no actual notice of the patenting of the design. All there is left to determine is whether the complainant gave the statutory notice provided for in section 4900, Rev. St. (U. S. Comp. St. 1901, p. 3388).

The design was used by complainant in two ways, upon a belt and upon a hatband. To all the belts which he made and sold he affixed

the notice, "Lichtenstein Pennant Belt, Pat. Jan. 15th, 1907." To the hatbands, however, which he made, placed on women's sailor hats and sold with the hats, he affixed no notice; but upon the lining in the inside of the hats he printed the notice, "Lichtenstein Pennant Sailor, Pat. Jan. 15th, 1907." There was nothing to show whether the hat itself, the design of the hat, the lining, or the design of the band was patented. Indeed, the use of the word "sailor" would be calculated to induce the belief that it was the hat or its design which the patent covered. This was not a compliance with the first clause of section 4900, which provides that the notice shall be affixed on the patented article. Probably such notice could not be affixed on the hatband without marring the design. The alternatives provided in the section are:

"When, from the character of the article this [affixing on the article] cannot be done by affixing to it, or to the package wherein one or more of them is enclosed, a label containing a like notice."

We do not think it can be fairly held that the label inside on the lining of the hat was affixed to the band, nor that the hat was a package within which one or more bands was inclosed. Inasmuch as complainant admits that no labels other than these were affixed to anything, he has failed to make sufficient proof of notice to entitle him to recover damages, profits, or statutory penalty.

The decree is reversed, with costs of this appeal, and cause remanded, with instructions to decree for injunction only with costs in Circuit Court.